Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Philip G. Reinhard | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 98 C 50221 | **DATE** | 5/20/2002 |
| **CASE TITLE** | FISHER vs. CHESTNUT | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)   ☐ General Rule 21   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] For the reasons set forth on the reverse Memorandum Opinion and Order, plaintiffs' motion to alter or amend judgment is denied. Defendants' response to plaintiffs' motion to strike bill of costs shall be due June 18, 2002. Plaintiffs' reply shall be due July 2, 2002. Plaintiffs' response to defendants' amended motion for litigation costs [#72] shall be due June 18, 2002. Defendants' reply shall be due July 2, 2002.

(11) ■ [For further detail see order on the reverse side of the original minute order.]

| | | | |
|---|---|---|---|
| | No notices required, advised in open court. | | Document Number |
| | No notices required. | number of notices | |
| X | Notices mailed by judge's staff. | MAY 21 2002 | |
| | Notified counsel by telephone. | date docketed | 71 |
| | Docketing to mail notices. | | |
| | Mail AO 450 form. | docketing deputy initials | |
| | Copy to judge/magistrate judge. | 5-20-02 | |
| | | date mailed notice | |
| SW | courtroom deputy's initials | Date/time received in central Clerk's Office | mailing deputy initials |

# MEMORANDUM OPINION AND ORDER

Plaintiffs, Jean Fisher, Joseph Fisher, Janet Fisher, Susan Yellen, James Otis, Margaret Otis, Adlai Stevenson, III and Nancy Stevenson move pursuant to Federal Rule of Civil Procedure 59(e) to alter or amend this court's grant of summary judgment in favor of defendants, Chestnut Mountain Resort, Inc. and Chestnut Mountain Ski Corporation. By memorandum opinion and order entered March 19, 2002, the court granted summary judgment for defendants and denied summary judgment for plaintiffs finding plaintiffs lacked standing under Article III of the United States Constitution.

Plaintiffs argue in support of their Rule 59(e) motion that the court erred in not finding that discharge of pollutants, in defendant's snow-making operations, which enter Watercress Creek as snowmelt, is sufficient in and of itself to establish standing because certain of the plaintiffs own the land adjacent to Watercress Creek or own the creek itself. They contend that no further showing of injury is required. Alternatively, they cite portions of the record not referenced in their LR 56.1 statements, which they maintain establish standing under the standard originally applied by the court.

Plaintiffs did not make the argument that their ownership of the adjacent land or of the creek itself was sufficient to confer standing in their briefs on summary judgment and cannot properly raise it now in a Rule 59(e) motion. See Bordelon v. Chicago Sch. Reform Bd. of Trustees, 233 F.3d 524, 529 (7th Cir. 2000); Moro v. Shell Oil Co., 91 F.3d 872, 876 (7th Cir. 1996). Even if the court were to consider this argument, plaintiffs do not cite any authority for this proposition and the court is not persuaded. Friends of the Earth, Inc. v. Gaston Copper Recycling Corp., 204 F.3d 149 (4th Cir. 2000) is not to the contrary. In Gaston, standing was based on an individual who testified specifically how he and his family's use of their lake was adversely affected by the pollution or threat of pollution. Id. at 153, 156. No such evidence was presented by plaintiffs on summary judgment here. While plaintiffs cite to evidence of this nature in their Rule 59(e) motion, their failure to do so in their LR 56.1 statements and briefs on summary judgment cannot be corrected on a Rule 59(e) motion. See Bordelon, 233 F.3d at 529.

Plaintiffs argue the court erred when it noted plaintiffs did not present evidence that the pollutants being discharged caused or may have caused green slime, foam and suds observed in the creek. Plaintiff indicates, without citation to the record, that expert testimony to this effect was in the record. No such citation was provided in plaintiffs' briefs on summary judgment nor was this evidence referenced in plaintiffs' LR 56.1 statements. Plaintiffs suggest Friends of the Earth, Inc. v. Laidlaw Envtl. Servs., 528 U.S. 167 (2000) obviates the need for any such evidence. However, the court does not view Laidlaw as eliminating the need to show, at least by some evidence at the summary judgment stage, that the plaintiffs' injury, is traceable to the defendants' violation. Plaintiffs did not cite any evidence the green slime, foam and suds were traceable to the discharge of pollutants.

Plaintiffs' motion to alter or amend the judgment is denied.