Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Philip G. Reinhard | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 98 C 50221 | **DATE** | 8/2/2002 |
| **CASE TITLE** | FISHER vs. CHESTNUT MOUNTAIN | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] For the reasons set forth on the reverse Memorandum Opinion and Order, plaintiffs' objections to defendants' bill of costs are granted in part and denied in part. The court enters the revised amount of $444.60 for defendants' bill of costs which is hereby included in the judgement pursuant to Fed. R. Civ. P. 54. Defendants' amended motion for litigation costs is denied. Plaintiffs' motion to strike bill of costs is denied as moot.

(11) ■ [For further detail see order on the reverse side of the original minute order.]

| | No notices required, advised in open court. | | | |
|---|---|---|---|---|
| | No notices required. | | number of notices | Document Number |
| X | Notices mailed by judge's staff. | | AUG 0 5 2002 date docketed | 87 |
| | Notified counsel by telephone. | | | |
| | Docketing to mail notices. | | docketing deputy initials | |
| | Mail AO 450 form. | | | |
| | Copy to judge/magistrate judge. | | date mailed notice | |
| /SEC | courtroom deputy's initials | Date/time received in central Clerk's Office | mailing deputy initials | |

# MEMORANDUM OPINION AND ORDER

Defendants, Chestnut Mountain Resorts, Inc. and Chestnut Mountain Ski Corporation, filed a motion for litigation costs including attorneys' fees and nontaxable expenses (expert witness fees), as the prevailing party in a Clean Water Act ("CWA") citizen suit under 33 U.S.C. §1365, and a bill of costs pursuant to Fed. R. Civ. P. 54(d). Plaintiffs, Jean Fisher, Joseph Fisher, Janet Fisher, Susan Yellin, James Otis, Margaret Otis, Adlai Stevenson, III and Nancy Stevenson oppose the motion for litigation costs and both move to strike, and object to, the bill of costs. The court previously entered summary judgment for defendants finding plaintiffs failed to establish Article III standing. Plaintiffs' motion to alter or amend that judgment was denied and the judgment is pending on appeal.

The CWA allows the court to "award costs of litigation (including reasonable attorney and expert witness fees) to any prevailing or substantially prevailing party, whenever the court determines such award is appropriate." 33 U.S.C. § 1365(d). While defendants note the Seventh Circuit has not considered the appropriate standard for awarding litigation costs to a prevailing defendant in a CWA case, they ask the court to apply the standard set by the Supreme Court in Christianburg Garment Co. v. EEOC, 434 U.S. 412 (1978), for prevailing defendants in civil rights cases under 42 U.S.C. § 2000e-5(k). Plaintiffs agree this is the appropriate standard and the Seventh Circuit has indicated the Christianburg standard should be applied to prevailing defendants in environmental cases. See Citizens for a Better Env't v. Steel Co., 230 F.3d 923, 930-31 (7th Cir. 2000), cert. denied 532 U.S. 994 (2001). The standard allows defendants to recover their legal expenses only if plaintiffs' suit "was frivolous, groundless, pursued in bad faith, or maintained after its baselessness became apparent." Id. at 931.

Plaintiffs' case was premised on the theory accepted by the First Circuit in Dubois v. United States Dept of Agriculture, 102 F.3d 1273 (1st Cir. 1996), cert. denied 521 U.S. 1119 (1997). Without expressing an opinion as to the correctness of Dubois, or its application to the facts of this case, the argument that the court should extend Dubois to the facts of this case was not frivolous, groundless, baseless or pursued in bad faith. The court declines to award defendants litigation costs (attorneys' fees and expert witness fees) under 33 U.S.C. § 1365(d) under these facts.

Defendants alternatively include expert witness fees in their bill of costs as taxable costs under Rule 54(d) and 28 U.S.C. § 1920. However, expert witness fees are not properly taxed as costs. Chicago Coll. of Osteopathic Medicine v. George A. Fuller Co., 801 F.2d 908, 911 (7th Cir. 1986). Defendants are entitled to recover deposition costs, witness fees and copying costs. Defendants have not submitted actual deposition transcript costs. They have simply requested compensation at $3.00 per page for a list of depositions. $3.00 per page is the maximum allowable cost for an original transcript under the rates established by the Judicial Conference. See Cengr v. Fusibond Piping Systems, Inc., 135 F.3d 445, 455 (7th Cir. 1998). In the absence of a submission of actual costs for the depositions, the court cannot award these costs.

Plaintiffs make no objection to defendants' request for $80.00 for witness fees for Trebian and Nehr. $80.00 is therefore allowed. Defendants seek copying costs at the rate of $0.20 per page. This court customarily allows these costs at $0.10 per page. See White v. Sundstrand Corp., No. 98 C 50070, 2000 WL 1576319, *3 (N.D. Ill. October 19, 2000) (Reinhard, J.), aff'd 256 F.3d 580 (7th Cir.), cert. denied __ U.S. __, 122 S.Ct. 666 (2001). Copies of court filings for defendant's own use are not recoverable. Id. Copies supplied to the court and to the opposing party of court filings are recoverable. Accordingly, defendants are entitled to copy costs for one copy of docket numbers 2, 3, 5, 12, 15, 16, 19, 17, 29, 32 and 33. Defendants are entitled to two copies of the remaining items listed as documents filed with the court. Defendants are entitled to one copy of the items listed as discovery documents. Defendant has failed to explain why the copies listed as copying documents produced by plaintiffs were necessary for use in the case. See 28 U.S.C. §1920(4). Defendants are therefore awarded $364.60 in copying costs.

Plaintiff's objections to defendant's bill of costs are granted in part and denied in part. The bill of costs is reduced by $100,318.67. Defendants' bill of costs is awarded in the amount of $444.60. Defendants' amended motion for litigation costs is denied. As the issues raised in plaintiffs' motion to strike bill of costs are resolved in plaintiffs' favor by this order, plaintiffs' motion to strike is denied as moot.